**Steven Robert KLAFEHN, Appellant,**

v.

**E.R. FAIN, d/b/a E.R. Fain Roofing, Appellee.**

**No. 2–82–012–CV.**

Court of Appeals of Texas,
Fort Worth.

Nov. 24, 1982.
Rehearing Denied Dec. 23, 1982.

Geary, Stahl & Spencer, and G. Leroy Street, Dallas, for appellant.

Ball, Landrith & Kulesz and Kris L. Landrith, Arlington, for appellee.

Before MASSEY, C.J., and JORDAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a take nothing summary judgment granted in favor of defendant (appellee), E.R. Fain, d/b/a E.R. Fain Roofing, against plaintiff (appellant), Steven Robert Klafehn.

We affirm.

On May 14, 1979, Klafehn was injured on the job while an employee of Fain's roofing enterprise. Klafehn filed suit against Fain on June 4, 1981, for his injuries received on the former date. Fain filed a motion for summary judgment asserting that the suit was barred by the two year statute of limitations applicable to personal injury actions. Tex.Rev.Civ.Stat.Ann. art. 5526 (1982). Klafehn failed to file any response or answer to Fain's motion for summary judgment. The trial court rendered summary judgment in favor of Fain after a hearing thereon. Klafehn contested the granting of the summary judgment by his amended motion for new trial, which was denied by the trial court.

On appeal, appellant contends that the trial court erred in granting Fain's motion for summary judgment for two reasons. First, he argues that the applicable statute of limitations in the instant case is not two years, but rather ten years pursuant to Tex.Rev.Civ.Stat.Ann. art. 5536a (1982). Secondly, appellant urges that, assuming the two year statute applicable, it was tolled by appellee's absence from the state. Tex.Rev.Civ.Stat.Ann. art. 5537 (1958).

In response to appellant's contentions, Fain maintains that appellant is precluded from raising the above arguments on appeal due to his failure to present them to the trial court in response to Fain's motion for summary judgment.

We agree.

Tex.R.Civ.P. 166–A(c) provides in part: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Rule 166–A mandates that the non-movant must present a written response to the motion for summary judgment showing that there is a genuine issue for trial, in order to preserve that argument for our review. It is not enough that appellant raised issues in his motion for new trial after the summary judgment was granted. "[B]oth the reasons for the summary judgment and *the objections to it must be in writing and before the trial judge at the hearing.*"

[Emphasis added.] *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979); *Sugar Creek Homes Ass'n. v. Berry,* 590 S.W.2d 590 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). We find that appellant is precluded from raising the issues he now asserts because the same were not presented to the trial court in a written response to appellee's motion for summary judgment. Points of error one, two and three are overruled.

In passing, we note, however, that appellant's reliance on art. 5536a as the applicable statute of limitation is misplaced. That article by its express language neither extends nor effects the period for bringing a personal injury action under art. 5526. Rather, art. 5536a protects licensed or registered engineers and architects, whether licensed or registered in the State of Texas or in another state, from actions prosecuted as a result of injuries rising out of defective or unsafe conditions of improvements to real property or equipment on real property and sustained more than ten years subsequent to the substantial completion of such improvement or the commencement of operation of such equipment. *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870 (Tex.Civ.App. —Houston [1st Dist.] 1981, writ ref'd n.r.e.). Under art. 5536a, the focus is on when the injury occurs vis-à-vis the age of the improvement or equipment on the real property. On the other hand, art. 5526 deals with when the action is brought following the injury, as opposed to when the injury occurred. A plaintiff's injury may be actionable under art. 5536a, but nevertheless, barred by limitations under art. 5526 if not prosecuted within two years. Such is the situation in the instant case.

The fact that appellant failed to respond to appellee's motion prior to the hearing is not tantamount to obtaining a summary judgment by default. "The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." *City of Houston v. Clear Creek Basin Au-*

*thority, supra,* at 678. "If the non-movant wishes to contend on appeal that summary judgment was improperly granted, and does not file a written response to the motion for summary judgment, the only issue before the appellate court is whether the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment." *Fisher v. Capp,* 597 S.W.2d 393, 397 (Tex. Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

█ We conclude that the grounds presented in appellee's motion for summary judgment, i.e., that appellant's claim was barred by the two year statute of limitations under art. 5526 are sufficient to support the summary judgment.

The judgment of the trial court is affirmed.