H.T. LAMBERT d/b/a Lambert Roofing Co., Appellant,

v.

S.R. WANSBROUGH, Appellee.

No. 05–87–00655–CV.

Court of Appeals of Texas, Dallas.

Nov. 14, 1989.
Rehearing Denied Jan. 5, 1990.

W.R. Sessions, Dallas, for appellant.

Michael E. Smoller, Dallas, for appellee.

Before HOWELL, LAGARDE and WHITTINGTON, JJ.

OPINION

HOWELL, Justice.

Plaintiff-appellee Wansbrough (Owner) obtained judgment against defendant-appellant Lambert (Contractor) in a suit alleging that the roof which Contractor installed

on Owner's house was defective. Finding that the action was barred by limitations, we reverse and render.

Using a one page preprinted form entitled "Proposal," Contractor submitted to Owner a written proposition to replace the roof on Owner's house. Contractor typed into the form a provision that:

> This roof carries a 15 year bond issued by MFG [manufacturer?] in the event of faulty material. And a 15 year guarantee by contractor in the event of faulty workmanship.

The printed language at the bottom of the form stated: "All work to be completed in a workmanlike manner according to standard practices." Owner signed the acceptance space on the form and dated it April 1, 1980. Installation was completed within the following month.

Not later than the fall of 1980, Owner began to experience leaks. Contractor repaired them and assured Owner that all was in good order. However, Owner continued to experience leaks and continued to call upon Contractor to make additional repairs. According to Owner, he called Contractor back as many as ten times during the four years after completion. He finally concluded that Contractor either could not or would not provide a roof that would not leak. Owner then retained another contractor, who replaced the roof in its entirety. Thereafter, in September 1986, Owner brought the present action.

Admittedly, this suit was not filed for approximately six years after defects in performance first manifested themselves. We assume, without deciding, that this action is governed by a four year limitations statute.[1] In support of his claim that this action was not time barred, Owner makes three contentions; we hold that none of them is sufficient.

Owner contends that before resorting to the suit, it was proper for him to first allow Contractor a reasonable opportunity to correct his defective performance. We agree that such action is, in the ordinary instance, commendable. However, in the absence of special considerations, the statute is not tolled while the injured party to a contract negotiates for or awaits remedial performance. *See Miller v. Dickenson,* 677 S.W.2d 253, 258 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). Owner has not alleged that Contractor committed fraud or that Contractor made any false promises with the intent and for the purpose of lulling Owner into a false sense of security, thereby causing Owner not to bring suit within the limitations period. Neither does Owner allege a new warranty given in return for a new consideration. Under the pleadings and evidence before us, we hold that nothing acted to toll the statute and that no actionable superseding conduct occurred within the four years after Owner sustained damage. The limitations period ordinarily begins to run not later than the time when the plaintiff first sustains damage or injury. *Richman v. Watel,* 565 S.W.2d 101, 103 (Tex.Civ.App.—Waco), *writ ref'd n.r.e. per curiam,* 576 S.W.2d 779 (Tex.1978). No action of Contractor was pleaded or proved which would take the case out of the ordinary rule.

Owner argues, in the alternative, that limitations would not commence to run un-

---

**1.** *Schneider v. Lipscomb County Nat'l Farm Loan Ass'n,* 196 S.W.2d 954, 957 (Tex.Civ.App.—Amarillo 1946), *rev'd on other grounds,* 146 Tex. 66, 202 S.W.2d 832 (1947) (suit on warranty expressed in deed for land—held, art. 5529, TEX. REV.CIV.STAT.ANN. [now TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986) ], the omnibus statute of limitations, is applicable). On the other hand, *Drury v. Reeves,* 539 S.W.2d 390, 393–94 (Tex.Civ.App.—Austin 1976, no writ), held that suit on a warranty of fitness implied from a written contract for the installation of roofing was governed by article 5527, now section 16.-004.

Neither party has argued the application of the special four year statute contained within chapter two of the Uniform Commercial Code pertaining to the sale of goods. TEX.BUS. & COM. CODE ANN. § 2.725 (Vernon 1968). We do note, in passing, that limitations under that statute runs from the date of delivery of the goods unless there is a written warranty that "explicitly" relates to future performance of the goods. The cases seemingly set a rather strict standard for the finding of explicitness. *Muss v. Mercedes–Benz of North America,* 734 S.W.2d 155, 158 (Tex.App.—Dallas 1987, writ ref'd n.r.e.); *see also Safeway Stores Inc. v. Certainteed Corp.,* 710 S.W.2d 544, 548 (Tex.1986).

til after the end of the fifteen year warranty period. We reject that contention. If defects had first become manifest during the fifteenth year, limitations would not have commenced to run until the fifteenth year. However, in the instant case, defects became apparent during the first year and the clock of limitations began to run; a suit filed in the sixth year came too late. *Richman*, 565 S.W.2d at 103.

Finally, Owner cites section 16.009 of the Texas Civil Practice and Remedies Code and urges that it provides him with a ten year period in which to commence his action. We reject this contention also. The two-year and four-year statutes have been with us, with little amendment, for many years. The ten year statute was first enacted in 1969 to address the situation where damage or injury, due to design defects or latent defects in design and construction, was either not sustained or did not become manifest for a number of years after the completion of construction. *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644, 647 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.) (Refinery construction substantially completed in 1942, plaintiff injured in 1973 explosion; held, action against engineer and contractor for injuries from negligent design and construction is barred by ten-year statute. TEX.CIV.PRAC. & REM.CODE ANN. § 16.009 (Vernon 1986) (formerly TEX.REV.CIV.STAT.ANN. art. 5536a)).

Inasmuch as the two and four-year statutes do not commence to run until a cause of action accrues, engineers and builders were subject to claims relating to completed construction for an unlimited period of time. The predecessor of section 16.009 was first enacted in 1969. The meaning and intent of this statute and its predecessor[2] is to bar suit ten years after the completion of improvements to real estate, even with respect to losses not occurring within the ten year period. *Klafehn v. Fain*, 643 S.W.2d 227, 228–29 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Sowders*, 663 S.W.2d at 647.

The intent of section 16.009 is made clear by its concluding subsection which provides: "This section does not extend or affect a period prescribed for bringing an action under any other law of this state." *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.009(f) (Vernon 1986). In other words, the lawsuit at bar is governed by the two or four year limitations periods the same as if the ten year statute had never been enacted. It follows that the ten year statute is inapplicable.

REVERSED and RENDERED.

---

2. TEX.CIV.PRAC. & REM.CODE ANN. § 16.008 (Vernon 1986) (formerly TEX.REV.CIV.STAT.ANN. art. 5536a, § 1).