Clara STYERS, et al., Appellants,

v.

HARRIS COUNTY, Texas,
et al., Appellees.

No. A14–92–00079–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 15, 1992.

Rehearing Denied Oct. 29, 1992.

Marshall B. Brown, Houston, for appellants.

Frank E. Sanders, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

### OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment. Appellants filed this lawsuit against Harris County and the Harris County Engineers Office alleging that their negligent construction of Red Bud Circle proximately caused the death of Michael Lee Wagner, and severely injured Forrest Gay. The ac-

cident occurred on October 2, 1982. Appellants filed this lawsuit on July 21, 1991, almost nine years after the date of injury.

Appellees filed a motion for summary judgment asserting the two year statute of limitations. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). The trial court granted the motion. In three points of error, the appellants complain that the trial court erred by applying the two year statute of limitations. We affirm.

Appellants contend that TEX.CIV.PRAC. & REM.CODE ANN. § 16.008 (Vernon 1986) provides a ten year limitations period for suits against registered or licensed architects and engineers. We find this proposition untenable. Section 16.008 was enacted to limit the duration of architects' and engineers' potential liability. Under the statute, they are not subject to liability for lawsuits filed more than ten years after substantial completion of the project. The section was never intended to extend the applicable statute of limitations. A suit for personal injury must be filed not later than two years after the cause of action accrues. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). We cannot accept the contention that the same statute which was enacted to protect architects and engineers should be applied to increase the duration of their potential liability.

This is not the first time a party has attempted to use a statute of repose to pursue a cause of action otherwise barred by the statute of limitations. A practically identical argument was rejected by the Fort Worth Court of Appeals. *Klafehn v. Fain*, 643 S.W.2d 227, 228 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). In *Klafehn*, the plaintiff sued his employer, a roofing company, more than two years after he was injured. The trial court granted an uncontested summary judgment in the defendant's favor. On appeal the plaintiff argued the suit was timely filed under TEX. REV.CIV.STAT.ANN. art. 5536a (1982) (now

codified as TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.008, 16.009). The court of appeals rejected the argument. It stated that a plaintiff's claim may be actionable under art. 5536a, but still be barred by the two year statute of limitations. *Klafehn* at 228.

The Dallas Court of Appeals also rejected a similar argument in *Lambert v. Wansbrough*, 783 S.W.2d 5 (Tex.App.—Dallas 1989, writ denied). In *Lambert*, a homeowner sued his building contractor, for installing a defective roof, more than six years after the roof began leaking. The homeowner obtained a judgment against the contractor. On appeal, the contractor argued the suit was barred by the statute of limitations. The homeowner argued that § 16.009 provided him with a ten year limitations period. The court of appeals reversed and rendered judgment in favor of the contractor. *Id.* at 7. In reversing the trial court's judgment, the court of appeals quoted § 16.009(f) which reads, "This section does not extend or affect a period prescribed for bringing an action under any other law of this state." *Id.*

Appellants contend this subsection only applies to § 16.009, not § 16.008. Section 16.008 was originally enacted in 1969.[1] It was published as art. 5536a § 1. In 1975, the legislature amended art. 5536a by adding § 2.[2] Article 5536a § 1 was codified as § 16.008 of the Civil Practice and Remedies Code. Article 5536a § 2 was codified as § 16.009. Neither art. 5536a § 1 nor § 16.-008 contains language similar to § 16.009(f) quoted above. For this reason, appellant argues the legislature intended § 16.008 to deprive architects and engineers of the protection of statutes of limitations, while persons other than architects and engineers who construct or repair improvements to real property are protected under § 16.-009(f). While several cases have held that the statute of repose does not extend the statute of limitations, they have all relied

---

**1.** Act of May 27, 1969, 61st Leg., R.S., ch. 418, 1969 Tex.Gen.Laws 1379.

**2.** Act of May 20, 1975, 64th Leg., R.S., ch. 269, 1975 Tex.Gen.Laws 649.

upon or at least considered the language in § 16.009(f). *Klafehn v. Fain,* 643 S.W.2d 227, 228 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644, 648 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Lambert v. Wansbrough,* 783 S.W.2d 5, 7 (Tex. App.—Dallas 1989, writ denied); *Tummi-nello v. U.S. Home Corp.,* 801 S.W.2d 186, 187–188 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

Even without the benefit of the language in § 16.009(f), we find that the two year statute of limitations applies to personal injury causes of actions arising under § 16.008. Section 16.008 was enacted to protect architects and engineers from extended liability. Appellants' attempt to use § 16.008 to extend the statute of limitations is illogical and absurd. Sections 16.-003 and 16.008 must be considered together. If an injury occurs more than ten years after substantial completion of the improvement, the suit is barred by § 16.-008. If the injury occurs during the ten year period, the claimant must file suit, or present a written claim for damages, within the ten year period.[3] Additionally, the lawsuit must be filed within two years from the accrual of the cause of action to be within § 16.003.

Appellants filed this lawsuit almost nine years after the cause accrued. Prosecution of the lawsuit was barred by the statute of limitations for almost seven years before suit was filed. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). The trial court properly granted summary judgment because there was no issue of material fact, and the appellees were entitled to judgment as matter of law. *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548 (Tex.1985).

We have considered all points raised by the appellants, and find them to be without merit.

AFFIRMED.

---

3. By presenting the architect or engineer with a written claim for damages before the ten year period expires, the time within which the injured party must file suit is extended for two years from the date the claim is presented. § 16.008(c). By adding two years from the date the claim is presented, rather than two years from the date of injury, subpart (c) may provide more time to file suit than the statute of limitations. This provision is not involved in this case.