Affirmed in Part and Reversed and Remanded in Part and Memorandum
Opinion filed August 28, 2008








Affirmed in Part and Reversed and Remanded in Part and Memorandum Opinion filed
August 28, 2008.

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00254-CV

_______________

 

SHARON HECKEL, Appellant

 

V.

 

ALLEN SAMUELS CHEVROLET and GENERAL MOTORS
CORPORATION, Appellees

                                                                                                                                               


On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 2005-64644

                                                                                                                                                

 

M E M O R A N D U M    O P I N I O N








In this
appeal from a final summary judgment, appellant asserts that the statute of
limitations does not bar her product-liability claim against an automobile
manufacturer.  She further contends that her contract and warranty claims
against an automobile dealership are not subject to the two-year statute of
limitations.  Finally, she argues that she presented more than a scintilla of
evidence regarding her contract and warranty claims.  Because we conclude that
summary judgment was appropriate on all her claims against the manufacturer and
her contract claims against the dealership, we affirm that portion of the
judgment.  Because the dealership failed to conclusively establish that
appellant=s warranty claims were time-barred, however, we reverse that portion of
the judgment and remand the case for further proceedings.

I.  Factual and Procedural Background

In 2000,
the National Highway Transportation Safety Administration (ANHTSA@) issued a recall bulletin to General
Motors Corp. (AGM@) for all 1995 Oldsmobile Cutlass
Supremes.  This bulletin reported that corrosion of the airbag deflator=s internal wiring for the Cutlass
Supreme could cause the inadvertent deployment of the driver=s side airbag when the vehicle was
started, while it was parked or idling, or while it was in operation.  The
recall bulletin directed GM to provide notice of the recall to all customers in
July 2000.  Sharon Heckel purchased a 1995 Oldsmobile Cutlass Supreme in early
2001.  According to Heckel, she never received notice of the recall, and the
airbag system in her car was never repaired.

In
February 2003, Heckel took her Cutlass Supreme to Allen Samuels Chevrolet (AAllen Samuels@) because it was Arunning rough.@  Heckel requested that Allen Samuels
perform a tune-up, an oil change, and a lube job, and provide estimates for
some minor repairs.  She did not inquire about any warranty or recall work, but
did request that Allen Samuels determine why her vehicle was Arunning rough.@  Allen Samuels neither repaired the
airbag system nor warned Heckel that a recall bulletin had been issued for the
vehicle.  Heckel paid for the repairs and took her vehicle.  According to
Heckel, she started her Cutlass Supreme in September 2003 and the airbag
deployed, striking her in the head and causing her to suffer a variety of
injuries.








On
October 12, 2005, Heckel sued Allen Samuels for breach of contract.  After
Allen Samuels filed a third-party petition against GM, Heckel amended her
petition to assert negligence, breach-of-contract, and warranties claims
against Allen Samuels and a product-liability claim against GM.  Both GM and
Allen Samuels asserted the statute of limitations as affirmative defenses in
their answers.

GM filed
a motion for traditional summary judgment on the ground that Heckel=s suit was time-barred because she
filed it more than two years after her injury.  Allen Samuels filed a motion
for traditional and no-evidence summary judgment, asserting the following five
grounds: (1) Heckel=s personal-injury and Deceptive Trade Practices Act
warranties claims are barred by the statute of limitations; (2) implied
warranties for services are not actionable under the Uniform Commercial Code;
(3) Heckel is not entitled to personal-injury damages based upon a
breach-of-contract claim; (4) there is no evidence of an express warranty; and
(5) there is no evidence of breach of contract.  The trial court granted both
GM and Allen Samuels=s motions and rendered final summary judgment in February
2007.[1]  This appeal
timely ensued.

II.  Issues Presented

In her
first issue, Heckel asserts that the trial court erred in rendering summary
judgment in favor of GM because the 15-year statute of repose governs
limitations for product-liability claims against a manufacturer or seller.  In
her second and third issues, Heckel contends the trial court erred in rendering
summary judgment in favor of Allen Samuels because her breach-of-contract and
warranties claims were timely filed within the four-year statute of limitations
for bringing such claims,[2] and she
produced more than a scintilla of evidence to support these claims.








III.  Analysis

A.        Standard
of Review

We
review summary judgments de novo,[3] and where the
trial court grants the judgment without specifying the grounds, we will affirm
if any of the grounds presented are meritorious.  FM Props. Operating Co. v.
City of Austin, 22 S.W.3d 868, 872B73 (Tex. 2000).  Here, the appellees
moved for summary judgment on both traditional and no‑evidence grounds;
thus, we apply the familiar standard of review appropriate for each type of
motion, taking as true all evidence favorable to the nonmovant, and indulging
every reasonable inference and resolving any doubts in the nonmovant=s favor.  See Joe v. Two Thirty
Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004) (traditional summary
judgment); King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003)
(no‑evidence summary judgment).

In a
motion for traditional summary judgment, the movant has the burden of showing
that there is no genuine issue of material fact and it is entitled to judgment
as a matter of law.  Tex. R. Civ. P.
166a(c); Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 
To be entitled to traditional summary judgment, a defendant must conclusively
negate at least one essential element of each of the plaintiff=s causes of action or conclusively
establish each element of an affirmative defense.  Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Evidence is conclusive only if
reasonable people could not differ in their conclusions.  City of Keller v.
Wilson, 168 S.W.3d 802, 816 (Tex. 2005).  Once the defendant establishes
its right to summary judgment as a matter of law, the burden shifts to the
plaintiff to present evidence raising a genuine issue of material fact.  Dias
v. Goodman Mfg. Co., L.P., 214 S.W.3d 672, 676 (Tex. App.CHouston [14th Dist.] 2007, pet.
denied) (citing City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678B79 (Tex. 1979)).  








In a
motion for no‑evidence summary-judgment, the movant represents that there
is no evidence of one or more essential elements of the claims for which the
non‑movant bears the burden of proof at trial.  Tex. R. Civ. P. 166a(i); Dias, 214 S.W.3d at 676.  A
no‑evidence summary judgment is improper if the respondent brings forth
more than a scintilla of probative evidence that raises a genuine issue of
material fact.  King Ranch, Inc., 118 S.W.3d at 751.  ALess than a scintilla of evidence
exists when the evidence is >so weak as to do no more than create a mere surmise or
suspicion= of a fact.@  Id. (quoting Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983)).  On the other hand, more than a scintilla of
evidence exists when reasonable and fair-minded people could differ in their
conclusions based on the evidence.  Id.  

B.        GM=s Summary Judgment

As noted
above, GM sought summary judgment on the affirmative defense of limitations. 
With exceptions not applicable here, A a person must bring suit for . . .
personal injury . . . not later than two years after the day the cause of
action accrues.@  Tex. Civ. Prac.
& Rem. Code ' 16.003(a); Childs v. Haussecker, 974 S.W.2d 31, 36
(Tex. 1998).  Generally, a cause of action accrues when a wrongful act causes
an injury.  Childs, 974 S.W.2d at 36.  Here, it is undisputed that
Heckel filed suit more than two years after she allegedly was injured.  Heckel,
however, argues that her product-liability claim is not barred because it is
governed by the 15-year statute of repose related to product-liability claims
rather than the two-year statute of limitations applicable to personal-injury
claims.  Compare Tex. Civ. Prac.
& Rem. Code ' 16.012(b) (requiring that Aa claimant must commence a product-
liability action against a manufacturer or seller of a product before the end
of 15 years after the date of the sale of the product by the defendant@) with id. ' 16.003(a) (requiring a
personal-injury suit to be filed within two years of accrual of the cause of
action). 








Heckel
misapprehends the distinction between a statute of repose, on the one hand, and
a statute of limitations, on the other.  See, e.g., Styers v.
Harris County, 838 S.W.2d 955, 956 (Tex. App.CHouston [14th Dist.] 1992, writ ref=d) (AThis is not the first time a party
has attempted to use a statute of repose to pursue a cause of action otherwise
barred by the statute of limitations.@).  A statute of repose is designed
to protect certain classes of actors, such as manufacturers, from the threat of
claims arising years after a product is manufactured.  Zaragosa v. Chemetron
Invs., Inc., 122 S.W.3d 341, 346 (Tex. App.CFort Worth 2003, no pet.).  A statute
of repose differs from traditional statutes of limitations because it may
potentially eliminate a right of action before it even accrues.  Trinity
River Auth. v. URS Consultants, Inc.CTex., 889 S.W.2d 259, 263 (Tex. 1994).  AStatutes of repose do not typically
shorten an existing limitations period; instead, they fix an outer limit beyond
which no action can be maintained.@  Holubec v. Brandenberger,
111 S.W.3d 32, 37 (Tex. 2003).  Just as a statute of repose does not generally
shorten any existing limitations period, this particular statute of repose Adoes not extend the limitations
period within which a products liability action involving the product may be
commenced under any other law.@  Tex. Civ. Prac.
& Rem. Code ' 16.012(e).

Thus,
sections 16.003 and 16.012 of the Civil Practice and Remedies Code must be
considered together.  Cf. Styers, 838 S.W.2d at 957.  If an injury
occurs more than 15 years after the product=s sale, the suit is barred by section
16.012(b).  Tex. Civ. Prac. & Rem.
Code ' 16.012(b).  If the injury occurs during the 15-year period, a claimant
must pursue her claim within that time period.  Cf. Styers, 838 S.W.2d
at 957.  But, to fulfill the requirements of section 16.003, the lawsuit also
must be filed within two years from the accrual of the cause of action.  Tex. Civ. Prac. & Rem. Code ' 16.003(a); Styers, 838 S.W.2d
at 957.  Thus, A[a] plaintiff=s injury may be actionable under [a statute of repose], but
nevertheless, barred by limitations under [the statute of limitations] if not
prosecuted within two years.@  Klafehn v. Fain, 643 S.W.2d 227, 228 (Tex. App.CFort Worth 1982, writ ref=d n.r.e.).  








Here,
Heckel filed her claim against GM more than two years after she suffered the
injury that forms the basis of her claim against GM, i.e., more than two
years after her claim accrued.  See Tex.
Civ. Prac. & Rem. Code ' 16.003(a).  Accordingly, although
Heckel=s product-liability claim against GM
is not barred by the statute of repose, the applicable two-year statute of
limitations nonetheless cuts off this claim.  Because GM has established as a
matter of law that Heckel=s claim against it is barred by the statute of limitations,
we overrule her first issue.

C.        Allen Samuel=s Summary-Judgment Motion

1.         Traditional Summary
Judgment: Contract Claim

In its
traditional motion for summary judgment, Allen Samuels noted that Heckel sought
to recover damages for medical expenses, mental anguish, disfigurement,
physical impairment, pain and suffering, lost wages, loss of earning capacity,
and exemplary damages as a result of its alleged breach of contract.  Allen
Samuels argued that such damages are time-barred under the two-year limitations
period set forth in section 16.003(a) of the Civil Practice and Remedies Code
and are not recoverable as damages for breach of contract, a cause of action for
which the statute of limitations is four years.[4] 
See, e.g., Stewart Title Guar. Co. v. Aiello, 941 S.W.2d 68, 72
(Tex. 1997) (mental-anguish damages not normally available for breach of
contract); Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex.
1986) (exemplary damages are not available for breach of contract). Thus, as
Heckel summarized the arguments in her response to the motion, A[t]he real
issue . . . is whether some of the personal[-]injury type
of remedies sought by the Plaintiff can be asserted under the four[-]year
limitations period@ applicable to contract claims.








On
appeal, Heckel argues only that A[a]s a result of the failure to
either fix the airbag system, or warn of the recall, the airbag prematurely
deployed and struck Appellant in her face, neck, arms, and upper torso.  That
clearly constitutes evidence of injuries.@[5]  This argument does not address Athe real issue@ presented in the motion for summary
judgment.  Because Heckel does not contend on appeal that the trial court erred
in granting summary judgment on her contract claims on the grounds that
personal-injury damages are not recoverable for breach of contract, she has waived
error as to that claim.  See Ontiveros v. Flores, 218 S.W.3d 70, 71
(Tex. 2007) (per curiam); Jacobs v. Satterwhite, 65 S.W.3d 653, 655B56 (Tex. 2001) (per curiam).[6] 
We therefore overrule Heckel=s second and third issues as they pertain to her claims for
breach of contract.

2.         Traditional Summary
Judgment: Implied Warranty Claim

Regarding
Heckel=s claim for breach of implied
warranty, Allen Samuels moved for summary judgment on the ground that
(a) if the cause of action is asserted under the Uniform Commercial Code,
then it is without merit because the UCC does not apply to a contract for
services, and (b) if the claim is asserted under the Deceptive Trade Practices
Act, then it is time-barred.  Both at trial and on appeal, however, Heckel has
maintained that her warranty claims are based on the common law rather than
statute.  Because the grounds on which Allen Samuels moved for traditional
summary judgment do not apply to a common-law claim for breach of implied
warranty, we sustain Heckel=s second issue with regard to that claim. 

3.         No-Evidence Summary
Judgment: Express Warranty Claim  








Allen
Samuels also asserted there was no evidence that it made an express warranty to
Heckel, but it did not challenge any other specific element of an express
warranty cause of action.  Heckel responded by claiming that Allen Samuels made
a representation to her about the services it would provide.  To overcome Allen
Samuels= no-evidence claim, she provided a
copy of her deposition testimony, in which the following colloquy occurred:

Q.        Who did you speak to at the dealership?

A.        I don=t know exactly his name.

Q.        What did he tell you that he was going to do to the vehicle?

A.        That he would inspect the vehicle and let me know if there is
[sic] any problems with it besides - - because I brought it in thinking it
would be just a tune-up or any other problems that was [sic] wrong with the
vehicle, that he would inform me and let me know.

She also provided a copy
of the invoice Allen Samuels provided to her, on which it is noted that Heckel
was charged for a Afactory inspection.@  Taking this evidence as true,
reasonable and fair-minded people could conclude that Allen Samuels represented
to Heckel that it would conduct a factory inspection of her vehicle, and thus,
would address any matters that were the subject of a recall.  Because Heckel
brought forth more than a scintilla of probative evidence raising a genuine
issue of material fact, a no-evidence summary judgment was improper on her
claim for breach of an express warranty.  We therefore sustain that portion of
her third issue. 

IV.  Conclusion








In sum, we conclude that the applicable statute of
limitations bars Heckel=s claims against GM for products liability and therefore
affirm summary judgment as to Heckel=s claims against GM.  We also affirm
summary judgment on Heckel=s breach-of-contract claim against Allen Samuels.  But,
because Allen Samuels did not establish that Heckel=s warranties claims are barred by
limitations and Heckel brought forth more than a scintilla of probative
evidence in support of these claims, we reverse summary judgment as to her
warranties claims against Allen Samuels, and we remand the case for further
proceedings consistent with this opinion.   

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Memorandum
Opinion filed August 28, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.









[1] 
Allen Samuels voluntarily non-suited its
third-party claims against GM on March 12, 2007.





[2] 
Heckel acknowledges in her brief that her
negligence claims against Allen Samuels are barred by limitations.





[3] 
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).





[4] 
See Tex. Civ. Prac & Rem. Code ' 16.051; Stine v. Stewart, 80 S.W.3d 586, 592
(Tex. 2002) (per curiam).





[5] 
Appellant=s
Br. at 26 (record citations omitted).





[6] 
In the trial court, Heckel argued that her injuries
presented a claim for a Acontort,@ i.e.,
damages arising from the breach of a duty that arose from a contract.  But
see JCW Elecs., Inc. v. Garza, 51 Tex. Sup. Ct. J. 1104, 2008 WL 2554942,
at *3 (Tex. June 27, 2008) (noting that to determine whether a claim sounds in
tort or in contract, the court examines the damages alleged: if the damages are
purely economic, the claim sounds in contract, but a claim for personal-injury
damages generally sounds in tort).  Heckel does not reurge this argument on
appeal.