**J. Michael TUMMINELLO, Appellant,**

v.

**U.S. HOME CORPORATION, Appellee.**

No. 01–90–00490–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 15, 1990.

Rehearing Denied Dec. 6, 1990.

George R. Pain, Houston, for appellant.

Melanie Livingston, Houston, for appellee.

Before EVANS, C.J., and HUGHES and O'CONNOR, JJ.

OPINION

EVANS, Chief Justice.

This appeal involves the limitation period within which a purchaser of a home must assert violations of the Texas Consumer Protection and Deceptive Trade Practices Act ("DTPA"), TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987), and claims for breach of warranty based on structural defects.

In September 1977, appellant, J. Michael Tumminello, purchased a new residence from appellee, U.S. Home Corporation, which was both the builder and the seller

of the residence. Seven years later, in March 1984, appellant noticed that the fire place had pulled away from the wall, and that the sheetrock had developed cracks. Appellant hired a structural engineer to inspect the residence. The engineer advised him there was no structural damage and that the foundation was sound. On two later occasions, in September 1986, and in December 1987, appellant had the same engineer again inspect the residence, and on both occasions, the engineer advised appellant there was no structural damage, and the foundation was sound.

In February and March 1988, appellant engaged two different engineers to inspect the residence. Both inspections indicated the foundation was defective and had caused damage to the structural components of the residence.

In December 1989, appellant filed suit against appellee, alleging breach of warranty and violations of the DTPA. Appellee filed a motion for summary judgment, asserting that the claim for breach of warranty was barred by the 10–year statute of repose, TEX.CIV.PRAC. & REM.CODE ANN. § 16.009 (Vernon 1986), and the DTPA claim was barred by the two-year statute of limitation. TEX.BUS. & COM.CODE ANN. § 17.565. The trial court granted a take-nothing summary judgment in favor of appellee, and appellant seeks review of that judgment.

In two points of error, appellant contends the 10–year statute of repose does not apply in this case, and the two-year statute of limitation provided by the DTPA is the applicable statute of limitation. In support of this contention, appellant refers the court to a provision in the 10–year statute that provides the statute "does not extend or affect a period prescribed for bringing an action under any other law of this state." TEX.CIV.PRAC. & REM.CODE ANN. § 16.009(f). Based on § 16.009(f), appellant asserts that the applicable limitation statute is the limitation provision provided in the DTPA, which provides:

All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred *or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence* ....

TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987) (emphasis added).

The statute of repose was enacted to protect engineers and architects from being sued when "damage or injury, due to design defects or latent defects in design and construction, was either sustained or did not become manifest for a number of years after the completion of construction." *Lambert v. Wansbrough,* 783 S.W.2d 5, 7 (Tex.App.—Dallas 1989, writ denied). In his brief, appellant acknowledges the 10–year statute of repose generally precludes bringing an action against those who construct or make improvements to real property more than 10 years after the substantial completion of the building. However, he argues the period of repose did not begin to run until he discovered the structural damage in February 1988.

This Court in *Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644, 648 (Tex.App.—Houston [1st Dist.] 1987, no writ) addressed and overruled the identical argument asserted by appellant. There, the plaintiff contended that TEX.CIV.PRAC. & REM.CODE ANN. § 16.009(f) preserved other statutory rights, and thus did not affect a DTPA claim.[1]

This Court concluded that such an interpretation of the statute contradicted the plain meaning intended by the legislature. This Court explained that § 16.009(f) had no effect on all other preexisting law. Consequently, other prescribed limitation periods are not extended or affected by its provisions. *Id.* at 648.

Section 16.009 is not a statute of limitation, but rather an ultimate statute of repose that bars all claims after the prescribed 10–year period. *Hasty v. Rust Eng'g Co.,* 726 F.2d 1068, 1069 (5th Cir.

---

1. In *Sowders,* the court construed the provisions of TEX.REV.CIV.STAT.ANN. art. 5563a (as amended), which was codified as TEX.CIV.PRAC. & REM.CODE ANN. § 16.009.

1984). Section 16.009(f) simply provides that the statute of repose does not extend or affect a period prescribed for bringing an action under any other law of the state. *See Klafehn v. Fain*, 643 S.W.2d 227 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.) (section 16.009(f) held not to extend time for worker to bring action for personal injuries received on the job).

The time period for the statute of repose begins to run when the improvement is substantially completed, not when the damage or injury occurs or is discovered. *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 924 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Any other interpretation would defeat the legislature's purpose in enacting the statute. *Lambert*, 783 S.W.2d at 7.

We accordingly hold that the statute of repose precludes appellant from bringing his suit more than 10 years after the residence was completed, and we overrule appellant's first point of error.

Because of our disposition of the first point of error, we do not consider appellant's second point of error concerning the two-year statute of limitation set forth in the DTPA.

The judgment of the trial court is affirmed.