**DALLAS MARKET CENTER DEVELOPMENT COMPANY, Appellant,**

v.

**BERAN & SHELMIRE; Ten Eyck Merritt Barnett Pitt Consulting Engineers, Inc.; Austin Commercial, Inc.; and Dee Brown Masonry, Inc., Appellees.**

No. 05–91–00372–CV.

Court of Appeals of Texas, Dallas.

Dec. 20, 1991.

Rehearing Denied Feb. 14, 1992.

James P. Karen, Rebecca E. Hamilton, Todd W. White, Terence M. Murphy, Lee Anne Morris, Dallas, for appellant.

P. Jefferson Ballew, G. Luke Ashley, William N. Hamilton, Robert B. Gilbreath, D. Bradley Dickinson, Richard A. Capshaw, C. John Scheef, III, W. Alan Wright, J. Stephen Gibson, Dallas, for appellees.

Before ROWE,[1] THOMAS and BURNETT, JJ.

## OPINION

BURNETT, Justice.

Dallas Market Center Development Company (DMC) appeals a summary judgment granted in favor of Beran & Shelmire; Ten Eyck Merritt Barnett Pitt Consulting Engineers, Inc. (Ten Eyck); Austin Commercial, Inc. (Austin); and Dee Brown Masonry, Inc. (Dee Brown). In two points of error, DMC asserts that the trial court erred in granting summary judgment based on the ten-year statutes of repose because (1) the statutes do not apply to contract claims, and (2) their application violates the Texas Constitution by depriving DMC of a legal remedy without due course of law. We overrule DMC's points of error and affirm the trial court's judgment.

## FACTS

DMC and Dallas Market Center Hotel Company originally brought suit against these appellees and others seeking damages for defects in the two portions of the Anatole Hotel known as the Atria and the Tower. This appeal involves only the Atria, which was designed and constructed from 1977 to 1979. Beran & Shelmire provided the architectural services, Ten Eyck

---

1. The Honorable Gordon Rowe participated in this cause before his resignation December 3, 1991.

provided the engineering services, Austin provided the general contracting services, and Dee Brown provided the masonry contracting services.

Years after the completion of the Atria, leaks and deterioration developed in the exterior masonry walls. DMC hired a consultant in early 1990 to conduct a detailed investigation. According to the consultant's report, numerous design and construction deficiencies caused the leaks. DMC now claims over five million dollars in damages as a result of these design and construction deficiencies.

DMC brought four causes of action against this group of appellees related to the construction of the Atria: breach of contract, breach of express and implied warranties, negligent design and construction, and fraudulent concealment. The parties stipulated that construction was substantially completed more than ten years before DMC filed its lawsuit. All appellees filed summary judgment motions based on the ten-year statutes of repose. DMC opposed these motions, arguing that the statutes of repose do not bar contract claims. The trial court granted summary judgment and severed the Atria claims from the Tower claims to allow this appeal.

### STATUTES OF REPOSE

In its first point of error, DMC asserts that the trial court erred in granting summary judgment to appellees because the statutes of repose do not apply to contract claims. DMC argues that the legislative history shows that the drafters intended the law to apply only to tort claims and that other states with similar statutes apply them only to tort claims. Because DMC does not complain of the summary judgment against it on any tort causes of action, those claims are not before us on appeal. *See* TEX.R.APP.P. 74(d). We consider only DMC's claims for breach of contract, express warranties, and any implied warranties that sound in contract instead of tort. *See Humber v. Morton,* 426 S.W.2d 554, 556 (Tex.1968) (under Texas law, breach of implied warranties of merchantability and fitness for a particular

purpose sound in tort and not in contract); *Evans v. J. Stiles, Inc.,* 689 S.W.2d 399, 400 (Tex.1985) (builder/vendor impliedly warrants both workmanship and habitability of house).

Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 413 (Tex.1989). In this summary judgment proceeding, appellees established, by affidavit and stipulation, their defense under the statute of repose: (1) they worked on the design and construction of the Atria; and (2) work was substantially completed more than ten years before suit. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979); *Suburban Homes v. Austin–Northwest Dev. Co.,* 734 S.W.2d 89, 91 (Tex.App.—Houston [1st Dist.] 1987, no writ). Therefore, if the statutes of repose apply to the contract actions pleaded by DMC, then the trial court properly granted summary judgment.

Texas has two statutes of repose, one for architects and engineers, and one for persons furnishing construction or repairs to improvements (contractors). TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.008–.009 (Vernon 1986) (previously TEX.REV.CIV.STAT.ANN. art. 5536a (Vernon 1985)). The statute of repose for architects and engineers provides that:

> A person must bring suit for damages for a claim [for injury, damage, or loss to real or personal property] against a registered or licensed architect or engineer in this state, who designs, plans, or inspects the construction of an improvement to real property ..., not later than 10 years after the substantial completion of the improvement ... in an action arising out of a defective or unsafe condition of real property [or] the improvement.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.008(a), (b) (Vernon 1986). The statute of repose for contractors provides:

A claimant must bring suit for damages for a claim [for injury, damage, or loss to real or personal property] against a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.009(a), (b) (Vernon 1986).

■ A statute of repose differs from a traditional statute of limitations. A traditional statute of limitations runs from the time that a cause of action accrues, which is when the injured party discovers or reasonably should have discovered a defect or injury. *See Lambert v. Wansbrough,* 783 S.W.2d 5, 6 (Tex.App.—Dallas 1989, writ denied); *McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918, 924 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). With a statute of repose, the time period begins running when the improvement is substantially completed rather than when a cause of action accrues. See *Tumminello v. U.S. Home Corp.,* 801 S.W.2d 186, 187–88 (Tex. App.—Houston [1st Dist.] 1990, writ denied). Therefore, a statute of repose can cut off a right of action before an injured party discovers or reasonably should have discovered the defect or injury. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 654 n. 1 (Tex.1989) (per curiam).

Prior Texas cases have involved injury to third parties suing an engineer, architect, or contractor for defective design or construction of an improvement. *See, e.g., Sowders v. M.W. Kellogg, Co.,* 663 S.W.2d 644, 646 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.) (the plaintiffs sued engineers alleging negligence and strict liability for explosion at oil refinery); *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870, 871 (Tex.Civ.App.—Houston [1st Dist.] writ ref'd n.r.e.) (statute protected elevator company that manufactured, installed, and offered repair services from wrongful death and survival action arising from plaintiff's son falling into an open elevator shaft),

*appeal dismissed,* 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1981); *see Tumminello,* 801 S.W.2d at 187 (statute barred suit by the purchaser of a home against the builder and vendor for DTPA violations and breach of warranty). None of the cases involved a contracting party bringing contract actions. Therefore, this case requires us to decide whether the statutes of repose apply to the contract claims pleaded by DMC.

■ The Code Construction Act applies to the statutes of repose. TEX.CIV.PRAC. & REM.CODE ANN. § 1.002 (Vernon 1986). Under the Act, the legislature *requires* us to diligently attempt to ascertain legislative intent by considering "at all times the old law, the evil, and the remedy." TEX.GOV'T CODE ANN. § 312.005 (Vernon 1988). When construing a statute, we *may* consider, among other matters, the object sought to be attained; circumstances under which the statute was enacted; legislative history; common law or former statutory provisions, including laws on the same or similar subjects; consequences of a particular construction; administrative construction of the statute; and the title, preamble, and emergency provisions. TEX.GOV'T CODE ANN. § 311.023 (Vernon 1988).

■ The legislature first enacted the statute of repose applying to architects and engineers in 1969. TEX.REV.CIV.STAT.ANN. art. 5536a, § 1 (Vernon 1985). It enacted a similar statute for contractors in 1975. *Id.* § 2. The previous enactment contained the following broad language:

There shall be commenced and prosecuted within ten years after the substantial completion of any improvement to real property ... and not afterward, *all actions* or suits in court for damages for any injury, *damages* or loss to property, real or personal, or for any injury to a person, or for wrongful death, *arising out of the defective or unsafe condition of any such real property* ...

TEX.REV.CIV.STAT.ANN. art. 5536a, §§ 1, 2 (Vernon 1985) (emphasis added). The codification of these statutes was made without substantive changes as part of the State's continuing statutory revision. TEX.

Civ.Prac. & Rem.Code Ann. § 1.001(a) (Vernon 1986). The statutes of repose demonstrate legislative recognition of the protracted and extensive vulnerability to lawsuits of building professionals and contractors. *Sowders*, 663 S.W.2d at 647.

We face this same evil with respect to contract claims based on negligent performance as previously addressed in tort cases. The only limitation in both statutes of repose is that the action arise out of a defective or unsafe condition of the real property. In the case of contractors, it may also arise out of a deficiency in the construction or repair of the improvement. Tex.Civ.Prac. & Rem.Code Ann. §§ 16.008(a), 16.009(a) (Vernon 1986). In its facts, DMC points to numerous design and construction details left out of the contracts between itself and others or the contracts with it as the intended beneficiary. All of DMC's contract claims arise out of the alleged defective design and construction of the Atria. If we interpret the statutes of repose as narrowly as suggested by DMC, then we perpetuate the very problem that the legislature intended to address. We must presume that the legislature intended a just and reasonable result in passing the statutes. Tex.Gov't Code Ann. §§ 311.-021(3), 312.006(a) (Vernon 1988). Accordingly, we hold that the statutes of repose bar DMC's contract claims.

## FRAUDULENT CONCEALMENT

■ In its fourth cause of action, DMC alleged that the appellees knowingly concealed the true state of the design and construction from DMC by making false and misleading statements or omitting material facts. Section 16.009(e)(3) addresses fraudulent concealment in connection with the performance of the construction or repair, but a similar provision does not appear in section 16.008 for architects and engineers. Tex.Civ.Prac. & Rem.Code Ann. §§ 16.008–.009 (Vernon 1986). The legislature limited fraudulent concealment to the "*performance* of the construction or repair." Tex.Civ.Prac. & Rem.Code Ann. § 16.009(e)(3) (Vernon 1986) (emphasis added). This language indicates the legislature's concern about contractors physically concealing defects so that the deficiency is not visually noticeable.

■ DMC did not plead or attempt to prove any type of fraudulent concealment in connection with the performance of the construction. *See Suburban Homes*, 734 S.W.2d at 91. Rather, DMC presented fraudulent concealment in its response to the summary judgment motions as an affirmative defense to the statutes of repose. Fraudulent concealment acts as an affirmative defense to traditional statutes of limitations. *Borderlon v. Peck*, 661 S.W.2d 907, 908–09 (Tex.1983); *Nichols v. Smith*, 507 S.W.2d 518, 519 (Tex.1974). It operates to explain why a plaintiff did not discover or could not reasonably have discovered damage or injury. *See Borderlon*, 661 S.W.2d at 909. Unlike a traditional statute of limitations, the discovery rule does not apply to a statute of repose. *See Johnson*, 774 S.W.2d at 654 n. 1; *Tumminello*, 801 S.W.2d at 188.

We hold that the trial court did not err in granting summary judgment for Beran & Shelmire, Ten Eyck, Austin, and Dee Brown based on the ten-year statutes of repose. We overrule DMC's first point of error.

## CONSTITUTIONALITY

In its second point of error, DMC asserts that the application of the statutes of repose in this case violate the open courts doctrine of the Texas Constitution. DMC argues that, unlike an injured third party who has recourse against an owner, it has no remedy if it cannot recover from the design professionals and contractors who were responsible for the construction of the Atria.

■ The constitutionality of a statute must be raised in the trial court by DMC in a pleading or response to appellees' motions for summary judgment. *Dubin v. Carrier Corp.*, 731 S.W.2d 651, 655 (Tex. App.—Houston [1st Dist.] 1987, no writ); *Reddix v. Eaton Corp.*, 662 S.W.2d 720, 723 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *see* Tex.R.Civ.P. 94, 166a(c). We may consider only fundamental errors

of constitutionality if the issue was not raised in the trial court. *Determan v. City of Irving, Texas,* 609 S.W.2d 565, 567 (Tex. Civ.App.—Dallas 1980, no writ). DMC argues that it may raise this constitutional challenge for the first time on appeal because the unconstitutionality of the statutes as applied to it is "obvious and apparent." *See Determan,* 609 S.W.2d at 567.

■ Our courts have repeatedly held that these statutes do not violate the open courts provision of the Texas Constitution. *McCulloch,* 696 S.W.2d at 918; *Nelson v. Metallic–Braden Bldg. Co.,* 695 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644, 648 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). All repose statutes, whether traditional statutes of limitation or statutes of repose, set time periods within which an action can be brought. *See Johnson,* 774 S.W.2d at 654 n. 1. Because no one has a vested right in a common-law cause of action, we do not agree that the unconstitutionality of the statutes is so "obvious and apparent" as to constitute fundamental error. *See McCulloch,* 696 S.W.2d at 924. DMC waived its right to bring a constitutional challenge by not pleading it in the court below. We overrule DMC's second point of error. We affirm the trial court's judgment.