**G.P. SHOW PRODUCTIONS, INC., Appellant,**

v.

**ARLINGTON SPORTS FACILITIES DEVELOPMENT AUTHORITY, INC., Appellee.**

No. 2–93–132–CV.

Court of Appeals of Texas, Fort Worth.

March 23, 1994.

Hill, Heard, Gilstrap, Goetz & Moorhead and Ned Webster, Arlington, for appellant.

Rohne Hoodenpyle Lobert Myers & Scott, P.C. and James E. Lobert, Arlington, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

OPINION

FARRIS, Justice.

This case arises from an eminent domain proceeding where appellee, Arlington Sports Facilities Development Authority, Inc. (ASFDA), acquired property for a baseball stadium complex. Appellant, G.P. Show Productions, Inc. (G.P. Show), a tenant of one of the properties condemned, appealed the Special Commissioners Award to the district court seeking moving expenses under section 21.043 of the Property Code or relocation expenses under section 21.046. TEX.PROP.

CODE ANN. §§ 21.043, 21.046 (Vernon 1984).[1] ASFDA moved for summary judgment and the trial court granted the motion on the grounds that G.P. Show was a tenant and not an owner of the condemned property, and neither the City of Arlington nor ASFDA had adopted a relocation assistance program.[2] Because G.P. Show was a "property owner," we reverse the trial court's judgment.

■ The trial court specified the grounds upon which it granted the motion; therefore, summary judgment can only be affirmed if the theories relied upon by the court are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374 (Tex.1993). Consequently, we reverse the trial court's judgment if G.P. Show, as a former tenant of property condemned through eminent domain, was a "property owner" entitled to moving expenses under section 21.043, or if G.P. Show was entitled to relocation expenses under section 21.046. *See* TEX.PROP. CODE ANN. §§ 21.043, 21.046 (Vernon 1984). Because the City of Arlington and ASFDA did not adopt a relocation assistance program for persons displaced by their acquisitions, this case turns upon whether "property owner," as used in section 21.043, includes a tenant. *See id.*

ASFDA claims this issue was decided by the Eastland Court of Appeals in *Bennett–Barnes Inv. Co. v. Brown County Appraisal Dist.*, 696 S.W.2d 208 (Tex.App.–Eastland 1985, writ ref'd n.r.e.). We disagree, because the court in *Bennett–Barnes* defined "property owner" in the context of the Tax Code and we must construe this term in the context of eminent domain proceedings. *See id.;* TEX.GOV'T CODE ANN. § 311.011(a) (Vernon 1988). Because "property owner" has not been defined in this context, this is a case of first impression.

When construing a statute, a court of appeals may consider, among other matters, the object sought to be obtained, the circum-stances under which the statute was enacted, the legislative history, and the common-law or former statutory provisions, including laws on the same or similar subjects. TEX.GOV'T CODE ANN. § 311.023 (Vernon 1988); *Dallas Mkt. Ctr. Dev. Co. v. Beran & Shelmire*, 824 S.W.2d 218 (Tex.App.—Dallas 1991, writ denied). Here, we will consider the former statutory provisions and the legislative history.

Before chapter 21 of the Property Code was enacted, its provisions were contained in article 3265 of the Revised Civil Statutes. *See* TEX.REV.CIV.STAT.ANN. art. 3265 (Vernon 1925), *repealed by* Act of June 19, 1983, ch. 576, § 6, 1983 Tex.Gen.Laws 3729.[3]

Sections 1 and 3 of article 3265 dealt with actual damages in total and partial condemnation suits and they read:

> The commissioners shall hear evidence as to the value of the property sought to be condemned and as to the damages which will be sustained by the *owner*, if any, by reason of such condemnation and as to the benefits that will result to the remainder of such property belonging to such *owner*, if any, by reason of the condemnation of the property, and its employment for the purpose for which it is to be condemned, and according to this rule shall assess the actual damages that will accrue to the *owner* by such condemnation.
>
> . . . .
>
> When only a portion of a tract or parcel of a person's real estate is condemned, the commissioners shall estimate the injury sustained and the benefits received thereby by the *owner;* whether the remaining portion is increased or diminished in value by reason of such condemnation, and the extent of such increase or diminution and shall assess the damages accordingly.

TEX.REV.CIV.STAT.ANN. art. 3265, §§ 1, 3 (Vernon 1925) (repealed 1984) (emphasis added). Under these sections an "owner" was entitled to damages and an "owner" included,

---

**1.** Future references to sections 21.042, 21.043, and 21.046 are to the Property Code.

**2.** The trial court expressly overruled ASFDA's two additional grounds: G.P. Show failed to perfect its appeal or preserve its objection to the

Award of the Special Commissioners; and G.P. Show did not contract for the right to obtain moving or relocation expenses.

**3.** Further references to article 3265 are to the Revised Civil Statutes.

"a lessee for years as well as any other person who has an interest in the property." *See Elliott v. Joseph,* 163 Tex. 71, 351 S.W.2d 879, 884 (1961).

Section 7 of article 3265 covered moving expenses. As enacted in 1969 it read:

> The *owner of the land* who is actually and physically displaced and permanently moves his dwelling or place of business shall be entitled to, as a separate item of damages, reasonable moving expenses for personal property other than machinery, equipment, or fixtures, not to exceed $500.00, when personal property is moved from a place of residence and not to exceed $5,000.00 when personal property is moved from a place of business, but the maximum distance of movement to be considered shall be fifty miles. In no event shall such expenses exceed the market value of such personal property; provided, however, that the provisions of this section shall not apply in any condemnation proceeding whether before special commissioners or the court where the owner is entitled to reimbursement for moving expenses under other existing law.

Act of June 14, 1969, ch. 772, § 1, 1969 Tex.Gen.Laws 2293 (emphasis added). In 1979, section 7 was amended to read:

> The *owner of the land* who is actually and physically displaced and permanently moved from his dwelling or place of business shall be entitled to, as a separate item of damages, the reasonable moving expenses for personal property when personal property is moved from a place of residence or from a place of business, but the maximum distance of movement to be considered shall be fifty miles. In no event shall such expenses exceed the market value of such personal property; provided, however, that the provisions of this section shall not apply in any condemnation proceeding whether before special commissioners or the court where the owner is entitled to reimbursement for moving expenses under other existing law.

Act of May 17, 1979, ch. 206, § 1, 1979 Tex. Gen.Laws 449, 450 (emphasis added). "Owner of the land" as used in section 7 was never judicially defined.

In 1984, article 3265 was repealed and its provisions were transferred to Chapter 21 of the Property Code. *See* TEX.PROP.CODE ANN. § 21.041, *et seq.* (Vernon 1984 and Supp. 1994). With the transfer, sections 1 through 5 of article 3265 became section 21.042, and section 7 of article 3265 became section 21.-043.

Section 21.042 reads, in part:

> (a) The special commissioners shall assess damages in a condemnation proceeding according to the evidence presented at the hearing.

> (b) If an entire tract or parcel of real property is condemned, the damage to the *property owner* is the local market value of the property at the time of the special commissioners' hearing.

> (c) If a portion of a tract or parcel of real property is condemned, the special commissioners shall determine the damage to the *property owner* after estimating the extent of the injury and benefit to the *property owner,* including the effect of the condemnation on the value of the *property owner's* remaining property.

TEX.PROP.CODE ANN. § 21.042(a), (b), (c) (Vernon 1984) (emphasis added). Before the recodification, a party was entitled to a condemnation award if he was an "owner"; and after, if he is a "property owner." *See* TEX. PROP.CODE ANN. § 21.042 (Vernon 1984). As noted above, an "owner" included a lessee for years. *See Elliott,* 351 S.W.2d at 884. We must now determine whether "property owner" includes this interest.

First, we note that a mere change of phraseology in the revision of a statute in force before will not change the law previously declared, unless it undisputably appears the legislature intended change. *Palmer v. Palmer,* 831 S.W.2d 479 (Tex.App.—Texarkana 1992, no writ). Because this recodification was not intended to create any substantive changes in the law, we find no undisputable evidence of such an intent. *See, e.g., Ector County v. Stringer,* 843 S.W.2d 477 (Tex.1992); *Carbide Intern., Ltd. v. State,* 695 S.W.2d 653 (Tex.App.—Austin 1985, no writ). Second, we note the constitution dictates that any interest in property must re-

ceive adequate compensation upon being condemned. *See* TEX.CONST. art. I, § 17.[4] Therefore, we hold "property owner" as used in section 21.042 includes lessees for years.

■ Under section 21.043:

A *property owner* who is permanently physically displaced from the *property owner's* dwelling or place of business and who is not entitled to reimbursement for moving expenses under another law may recover, in addition to the *property owner's* other damages, the reasonable expenses of moving the *property owner's* personal property from the dwelling or place of business.

*Id.* at 21.043 (emphasis added). Again we see a change in terminology. Before the recodification, a party was entitled to moving expenses if he was the "owner of the land" and after if he is a "property owner." However, here we cannot derive the meaning of "property owner," as we did above, because we have no judicial determination of the meaning of "owner of the land."

■ Therefore, to construe the meaning of "property owner," as used in section 21.043, we employ a different analysis from that utilized above. We begin by noting that after the recodification, a "property owner" is entitled to both a condemnation award and moving expenses. Further, in construing a statute, it is presumed that several provisions relating to the same subject were intended to be consistent and to operate in harmony. *Willaby v. State,* 698 S.W.2d 473 (Tex.App.— Fort Worth 1985, no writ). Therefore, considering our decision above, that "property owner" as used in section 21.042 includes a lessee for years, presuming the legislature used the term "property owner" consistently, and concluding the term "property owner" rather than "owner" was used to symbolize the transfer of the provisions from the civil statutes to the Property Code, we hold "property owner," as used in section 21.043, includes lessees for years.

ASFDA speculates that our holding will unjustly enrich tenants because they will re-

coup an expense they incur anyway. However, after applying the rules of statutory construction and considering the consequence suggested by ASFDA, as well as other possible consequences of our holding, we find ASFDA's concern unfounded.

ASFDA also claims that our holding will render section 21.046 meaningless. *See* TEX. PROP.CODE ANN. § 21.046 (Vernon 1984). To the contrary, sections 21.043 and 21.046 address different interests and needs. *Id.* at §§ 21.043, 21.046. In particular, section 21.-043 mandates the payment of moving expenses to "property owners" while section 21.046 authorizes political subdivisions to provide to "displaced persons" advisory services, moving expenses, rental supplements, relocation payments, financial assistance to acquire replacement housing, and compensation for incidental expenses associated with the transfer. *Id.*

■ Having considered ASFDA's concerns and holding "property owner," as used in section 21.043, includes lessees for years, we hold G.P. Show was entitled to moving expenses. Point of error one is sustained, the trial court's judgment is reversed, and the case is remanded for further proceeding. Costs of appeal are assessed against ASFDA.

---

4. Under article I, section 17, any interest in real estate, whether the fee simple owner, tenant, lienholder, easement holder or any other holder of interest to real property, has to receive ade-

quate compensation upon being condemned. *Texas Pig Stands, Inc. v. Krueger,* 441 S.W.2d 940, 944 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.).