Michael Anthony **WARNKE**, Appellant,

v.

Hal **BOONE**, M.D., Appellee.

No. 14–97–00243–CV

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 3, 1998.

---

Elaine S. Michael, League City, for appellants.

Clifton J. McAdams, Houston, for appellees.

Before Chief Justice MURPHY and Justices HUDSON and DRAUGHN.[*]

## OPINION

J. HARVEY HUDSON, Justice.

This is an appeal from a summary judgment. Appellant, Michael Warnke, sued appellee, Dr. Hal Boone, for wrongful disclosure of confidential information under the Texas Medical Practice Act and for intentional infliction of emotional distress. Boone moved for summary judgment on several grounds and the trial court granted the motion. In five points of error, Warnke argues the trial court erred in granting summary judgment. We affirm.

In 1990, Warnke applied for employment with the Houston Police Department. During a pre-employment investigation, the police department contacted Dr. Boone concerning the medical records of Warnke's minor child. Dr. Boone showed and discussed the child's medical records with Sergeant Copeland. Warnke was subsequently denied employment by the department.[1]

In October 1993, Warnke, in his individual capacity, filed suit against Dr. Boone

under Article 4495b § 5.08($l$) of the Texas Medical Practice Act. The petition alleged Dr. Boone wrongfully disclosed confidential medical information regarding possible abuse of Warnke's son to Sergeant Copeland. Dr. Boone moved for summary judgment on several grounds, including (1) no duty; (2) statute of limitations; (3) immunity under Tex. Fam.Code Ann. section 34.01 et seq.; (4) consent; (5) no standing; and (6) no damages. Boone's motion was granted by the trial court. Warnke now appeals, arguing the trial court erred in granting summary judgment as to each of the grounds raised in Boone's motion.

The standard for reviewing the granting of a motion for summary judgment is well established. To prevail on summary judgment, a defendant, as the movant, must establish as a matter of law all the elements of an affirmative defense or that at least one element of plaintiff's cause of action has been conclusively established against the plaintiff. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984). The movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, proof favorable to the non-movant is taken as true and the court must indulge every reasonable inference and resolve any doubts in favor of the non-movant. *See id.* at 548–49.

In the order granting summary judgment in favor of Dr. Boone, the court did not state the specific grounds for its ruling. Therefore, we will affirm if any of the theories advanced in Boone's motion for summary judgment are meritorious. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

---

[*] Senior Justice Joe L. Draughn sitting by assignment.

1. Warnke was initially denied employment by the Houston Police Department. However, he was accepted as a new recruit in the next cadet class and is currently serving as a Houston police officer.

In his third point of error, Warnke argues "[t]he trial court erred in granting summary judgment based on a finding that defendant did not owe a duty to plaintiff." Warnke contends Section 5.08(*l*) of the Texas Medical Practice Act allows him to bring an action for a violation of the physician-patient relationship even though he was never Dr. Boone's patient. Article 4495b § 5.08 provides:

### Physician-patient Communication

Sec. 5.08. (a) Communications between one licensed to practice medicine, relative to or in connection with any professional services as a physician to a patient, is confidential and privileged and may not be disclosed except as provided in this section.

(b) Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed except as provided in this section.

. . .

(e) The privilege of confidentiality may be claimed by the patient or physician acting on the patient's behalf.

. . .

(*l*) A person aggrieved by a violation of this section relating to the unauthorized release of confidential and privileged communications may petition the district court of the county in which the person resides, or in the case of a nonresident of the state, the District Court of Travis County, for appropriate injunctive relief, and the petition takes precedence over all civil matters on the docketed court except those matters to which equal precedence on the docket is granted by law. A person aggrieved by a violation of this section relating to the unauthorized release of confidential and privileged communications may prove a cause of action for civil damages.

(m) "Patient" for the purposes of this section means any person who consults or is seen by a person licensed to practice medicine to receive medical care. Tex.Rev.Civ. Stat. Ann. art. 4495b § 5.08 (Vernon Supp. Pamph.1998).

Appellant focuses on the opening language of subsection 5.08(*l*)—"[a] patient"—in arguing that *any* person may bring a cause of action under this section. Under appellant's interpretation, Section 5.08(*l*) impliedly creates a duty owed by Dr. Boone to Warnke. We do not believe this section should be construed so broadly. Section 5.08 is entitled "Physician-patient Communication" and deals exclusively with the physician-patient relationship and the privilege that exists within that relationship. When read within the context of the entire section, it is clear subsection 5.08(*l*) is merely a continuation of this theme. *See G.P. Show Prod., Inc. v. Arlington Sports Facilities Dev. Auth., Inc.,* 873 S.W.2d 120, 123 (Tex.App.-Fort Worth 1994, no writ) (in construing a statute, it is presumed that several provisions relating to the same subject were intended to be consistent and to operate in harmony). Thus, relief under this subsection should be limited only to those plaintiffs who are patients as defined in subsection 5.08(m). In other words, we believe the proper interpretation is that a person can only be aggrieved within the meaning of subsection 5.08(*l*) if a physician-patient relationship exists. Because no such relationship ever existed between Warnke and Boone, Dr. Boone did not owe a duty to Warnke. Accordingly, Warnke was not entitled to bring a cause of action under section 5.08.

Our interpretation of Article 4495 § 5.08(*l*) is consistent with the holdings of several Texas cases which have declined to find that a doctor owes a legal duty to the parents of his patient because no physician-patient relationship exists between the parents and the doctor. *See Bird v. W.C.W.,* 868 S.W.2d 767 (Tex.1994); *Vineyard v. Kraft,* 828 S.W.2d 248, 251 (Tex. App.-Houston [14th Dist.] 1992, writ denied). Although *Bird* and *Vineyard* did not interpret the statutory provision at

issue in this case, we believe the analysis and reasoning contained in these cases apply equally to the present case. As this court stated in *Vineyard*, "[t]he injury appellant alleges in this case, is not harm to the child as a result of the diagnosis, but harm to the parent as the result of communication of that diagnosis ..." *Vineyard*, 828 S.W.2d at 249. The same is true here.

We hold that summary judgment was proper because Boone owed Warnke no legal duty under Article 4495b § 5.08(*l*) to not disclose the minor's medical records. Accordingly, point of error number three is overruled.

Because summary judgment was properly granted on one of the grounds in Dr. Boone's motion for summary judgment, it is unnecessary to address appellant's remaining points of error. *See Carr*, 776 S.W.2d at 569. The judgment of the trial court is affirmed.