11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Ruben Fuentes and Texas
Workers= Compensation Insurance Fund

Appellants

Vs.                   No.
11-00-00404-CV B Appeal from Dawson County

Continental Conveyor
& Equipment Company, Inc. et al

Appellees

 

Ruben
Fuentes and Texas Workers= Compensation Insurance Fund (the Fund) appeal the trial court=s summary judgment in favor of Continental
Conveyor & Equipment Company, Inc., and its affiliates, Nesco, Inc., and
Continental Conveyor & Equipment Company, L.P. (Continental).  The trial court did not specify which of
Continental=s eight grounds it relied on in granting
summary judgment; thus, appellants present eight issues on appeal.  In their fifth issue, they argue that the
trial court erred if it found that Continental Aconstructed@ an Aimprovement@ within the ten-year statute of repose, TEX. CIV. PRAC. & REM. CODE
ANN. ' 16.009 (Vernon 1986).  Because we find that Section 16.009 applies,
we affirm. 

                                                                Background
Facts

In
November 1995, Fuentes was injured while working as an employee at the Adcock
Gin.  Fuentes fell onto a conveyor belt
and was carried into a Ahot box.@  In
the hot box, Fuentes was struck repeatedly with steel paddles.  Because it paid benefits to Fuentes under
Adcock Gin=s workers= compensation policy, the Fund acquired a subrogation interest under
TEX. LAB. CODE ANN. '
417.001(a) (Vernon Supp. 2001) against any liable third parties. 








Continental
manufactured and sold the conveyor belt to Adcock Gin; it was installed in
1981.  Texas Manufacturing Company
manufactured and sold the hot box to Adcock Gin in 1991.[1]  Appellants based their claims against
Continental on: (1) negligence in design, manufacture, and marketing of the
conveyor belt; (2) breach of express warranty; and (3) breach of implied
warranties of merchantability and/or fitness for a particular purpose. 

Larry
Keith Harrington, Continental=s representative at trial, testified that Continental=s records showed that Adcock Gin paid
Continental to supervise the installation of the conveyor belt and that
Continental did supervise the installation but that Continental=s records did not show whether Continental or
Adcock Gin provided the labor to install the conveyor belt and that he did not
remember who provided the labor. 
Appellants did not rebut Harrington=s testimony that Continental supervised the installation of the
conveyor system.

                                                               Standard
of Review

A trial
court must grant a motion for summary judgment if the moving party establishes
that no genuine issue of material fact exists and that the party is entitled to
judgment as a matter of law. 
TEX.R.CIV.P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex.1991).  A trial court properly
grants summary judgment for a defendant if the defendant establishes all the
elements of an affirmative defense. 
American Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425
(Tex.1997).  Once the movant establishes
his right to a summary judgment, the non-movant must come forward with evidence
of law that precludes summary judgment. 
City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678-79
(Tex.1979).  When reviewing a summary
judgment, the appellate court takes as true evidence favorable to the
non-movant.  American Tobacco Company,
Inc. v. Grinnell, supra at 425; Nixon v. Mr. Property Management Company, Inc.,
690 S.W.2d 546, 548-49 (Tex.1985).  

The order
of the trial court does not specify the grounds for its summary judgment; therefore,
appellants must defeat each summary judgment ground urged by Continental.  State Farm Fire & Casualty Company v.
S.S. & G.W., 858 S.W.2d 374, 380 (Tex.1993); Carr v. Brasher, 776 S.W.2d
567, 569 (Tex.1989).  

                                                     Section
16.009 Statute of Repose








Section
16.009 is a statute of repose.  As
opposed to a traditional statute of limitations where the time period begins
running when a cause of action accrues, the time period for a statute of repose
begins running when the improvement is substantially completed.  See Dallas Market Center Development Company
v. Beran & Shelmire, 824 S.W.2d 218 (Tex.App. B Dallas 1991, writ den=d). 
Section 16.009 reads in part:

(a) A
claimant must bring suit for damages for [personal injury and other injuries]
against a person who constructs or repairs an improvement to real property not
later than 10 years after the substantial completion of the improvement in an
action arising out of a defective or unsafe condition of the real property or a
deficiency in the construction or repair of the improvement.

 

Appellants
argue that Section 16.009 does not protect Continental for two reasons.  First, the conveyor belt was not an Aimprovement@ within the meaning of Section 16.009. 
Second, even if it was an Aimprovement,@
Continental did not Aconstruct@ it within the meaning of Section 16.009
because Continental did not prove that it provided the labor for the
installation.   We disagree.

The Texas
Supreme Court in Sonnier v. Chisholm-Ryder Company, Inc., 909 S.W.2d 475
(Tex.1995), held that an off-site manufacturer of personalty used in the
construction of an improvement may not claim the protection of Section 16.009
if another party attached the personalty to the realty.  The court first found that, like a fixture,
an Aimprovement@ requires annexation to realty and that, until something is annexed to
realty, it cannot be considered an Aimprovement.@  Id. at 479. 
In determining whether personalty has become attached to realty, the
supreme court considers three factors: (1) the mode and sufficiency of
annexation, either real or constructive; (2) the adaptation of the personalty
to the use or purpose of the realty; and (3) the intention of the owner.  Of these, the third factor of the owner=s intent is preeminent, and the first two
factors are considered evidence of that intent.  Id. at 479.  Even if the
personalty becomes an Aimprovement,@ the manufacturer must be one who Aconstructs@ the improvement to be protected by Section 16.009.  AConstructs@ means
annexing the personalty to the realty, thereby transforming the personalty into
an Aimprovement.@ Id. at 479.  The supreme court
reasoned:

Personalty is not an improvement until
annexed to realty; the manufacturer of personalty does not Aconstruct@ an improvement because there is no relationship with the annexation.

 

Sonnier v. Chisholm-Ryder
Company, Inc., supra at 481.








Subsequent
to Sonnier, Reames v. Hawthorne-Seving, Inc., 949 S.W.2d 758 (Tex.App. B 
Dallas 1997, writ den=d), affirmed the trial court=s summary judgment for the manufacturer of a conveyor belt based on
Section 16.009.  In Reames, the
court rejected the plaintiffs= arguments that the conveyor belt was not an Aimprovement@ and that the defendants did not Aconstruct@ the
conveyor belt within the meaning of Section 16.009.  The facts in Reames were similar to those before us, and
we find that decision to be persuasive.

Reames involved an action brought by a workers= compensation carrier on behalf of a worker
who had been injured by a conveyor belt at the Marazzi tile plant.  The conveyor belt was part of a system that
transported powder used in the process of making tiles.  The conveyor belt involved in Fuentes= injury was used to transport cotton for
processing.  Although the conveyor belt
in Reames was on wheels and could be moved to clean the powder dryer,
the court found that it was constructively attached to the realty.  Harrington testified that Continental=s conveyor belt was attached and bolted to
the concrete at Adcock Gin and that it was permanently affixed to the
realty.  The Sonnier court noted
that Athe mode and sufficiency of annexation@ and Athe adaptation of the personalty to the use or the purpose of the
realty@ are evidence of the owner=s intent. Sonnier v. Chisholm-Ryder Company,
Inc., supra at 479.  Thus, Harrington=s testimony was evidence that Adcock Gin
meant for the conveyor belt to be an improvement.  Fuentes and the Fund did not rebut this evidence with contrary
evidence of Adcock Gin=s
intent.  We find that Continental=s conveyor belt was an Aimprovement.@

A party
who is not connected with annexing the item to real property does not Aconstruct@ an improvement.  Sonnier v.
Chisholm-Ryder Company, Inc., supra at 479-80. 
In Reames, Hawthorne-Seving designed the conveyor belt system and
arranged for its construction and installation by a subcontractor.  The court found that Hawthorne-Seving had
the required relationship with the annexation of the conveyor belt system to
the realty at Marazzi=s tile
plant because Hawthorne-Seving was a general contractor who supervised the
installation.  Holding that Section
16.009 protected Hawthorne-Seving, the court reasoned:

As the general contractor, Hawthorne-Seving
bore ultimate responsibility to Marazzi for the proper installation of the
conveyor belt system.

 

Reames v.
Hawthorne-Seving, Inc., supra at 763.








Harrington
testified that, as part of Continental=s contract with Adcock Gin, Continental supplied an erection supervisor
to Asupervise and assist@ in the installation of the conveyor belt
system.  Adcock Gin contracted for
Continental to supervise the installation because it wanted Continental to bear
the ultimate responsibility for the proper installation of Continental=s conveyor belt system.  We find that Continental Aconstructed@ an improvement within the meaning of Section 16.009.  Reames v. Hawthorne-Seving, Inc., supra.

We hold
that the trial court properly granted summary judgment for Continental based on
Section 16.009.

This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

November 1, 2001

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.  











[1]Texas Manufacturing is not a party to this
appeal.  The claims against it were
severed by the trial court.