Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-10-00733-CV

**IN THE INTEREST OF K.M.** and C.M., minor children

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-01252
Honorable Martha Tanner, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:    June 15, 2011

AFFIRMED

Appellant Lisa Lea Hernandez appeals the trial court's amended order in a suit to modify the parent-child relationship, which includes a provision barring her from modifying the terms of the order unless she first posts a $5,000.00 bond with the Bexar County Trust Department. We affirm.

For the first time, Hernandez argues on appeal that the trial court's order requiring her to post bond before filing a modification petition violates the Fourteenth Amendment to the United States Constitution and article I, sections 13 and 19 of the Texas Constitution. Hernandez, however, has failed to preserve this issue for appeal. Although Hernandez filed a motion for new trial, she did not raise this issue in her motion. Nor did Hernandez otherwise raise this issue in

the trial court. *See* TEX. R. APP. P. 33.1(a) (explaining that as a prerequisite to presenting a complaint for appellate review, the record must show that the party's complaint was made to the trial court by a timely request, objection or motion; the party stated the grounds for the complaint with sufficient specificity to make the trial court aware of the complaint; and the party obtained a ruling from the trial court). Therefore, Hernandez has failed to preserve this issue for appeal. *See Webb v. Webb*, 451 U.S. 493, 496-97 (1981) (holding constitutional error was not preserved for appeal); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (holding petitioner did not preserve issue that order terminating his parental rights violated his constitutional rights because he raised no legal argument before the trial court about a constitutional claim); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) ("As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal.").[1]

We affirm the trial court's amended order in a suit to modify the parent-child relationship.

Karen Angelini, Justice

---

[1] We note that Hernandez does not argue fundamental error was committed by the trial court. *See Dallas Mkt. Ctr. Dev. Co. v. Beran & Shelmire*, 824 S.W.2d 218, 222-23 (Tex. App.—Dallas 1991, writ denied) ("We may consider only fundamental errors of constitutionality if the issue was not raised in the trial court.").