**Opinion issued June 25, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-12-00952-CV

———————————————

**STUART WILSON AND FRIDA WILSON, Appellants**

**V.**

**JEREMIAH MAGARO, INDIVIDUALLY AND CHASE DRYWALL LTD.,**
**Appellees**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-07300**

---

## MEMORANDUM OPINION

Appellants, Stuart Wilson and Frida Wilson, filed suit against appellees Jeremiah Magaro and Chase Drywall Ltd. Magaro and Chase Drywall filed a motion for summary judgment on all claims, asserting the statute of limitations for each claim. The trial court granted summary judgment. In three issues on appeal,

the Wilsons argue the trial court erred by granting summary judgment because the statute of limitations had not expired on their breach of contract claim, fraud claim, and breach of implied warranty claim.

We affirm.

## Background

As a part of the construction of their residence in Houston, Texas, the Wilsons contracted with Chase Drywall[1] for the installation of drywall inside the house. The date of the contract is not in the record, but it is undisputed that Chase Drywall completed its main work by early August 2007. By early October 2007, Chase Drywall completed additional work fixing damage to the sheetrock by other contractors. Chase Drywall did not do any work on the residence after October 2007.

In his affidavit in his motion for summary judgment Stuart Wilson asserted that, around February 11, 2008, he "made a periodic walkthrough" of the residence. He stated it was late in the afternoon "and the lighting conditions were such that I noticed for the first time that some of the sheetrock/drywall installed by Chase Drywall, Ltd. did not look correct." He then contacted an inspector, who came out on February 18, 2008. The inspector's report identified a number of

---

[1]    Chase Drywall Ltd. is owned by Jeremiah Magaro. All claims asserted against Chase Drywall are also asserted against Magaro and vice versa. Unless otherwise indicated, all references to Chase Drywall in this opinion shall refer to Chase Drywall and Magaro, collectively.

problems with the drywall, including sheetrock corners around "the majority of the windows throughout the house" that were improperly cut so that they looked ragged and were in different angles, "popped out nails," "high and low spots that are very visible," and an entire wall that could not be repaired and needed to be replaced.

Two days later, the Wilsons sent Chase Drywall a demand letter. They did not file suit, however, until February 6, 2012. As of the time of the hearing on the motion for summary judgment, the Wilsons had three live claims: breach of contract, fraud, and breach of implied warranty. Chase Drywall argued in its motion for summary judgment that the statute of limitations had expired for each of the claims. The Wilsons responded, arguing that their breach of contract and fraud claims were not barred by the statute of limitations because of the discovery rule, fraudulent concealment, and equitable estoppel. They also argued that their breach of implied warranty claim was not barred because the statute of limitations had not yet run. The trial court granted the motion on all claims.

### Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Because summary judgment is a question of law, we review a trial court's

summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a "traditional" summary-judgment motion asserted under rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

A defendant moving for traditional summary judgment must either (1) conclusively negate at least one of the essential elements of each of the plaintiff's causes of action or (2) conclusively establish each essential element of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller*, 168 S.W.3d at 827). We

indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

## Statute of Limitations

At the time of the motion for summary judgment, the Wilsons had three live claims: breach of contract, fraud, and breach of implied warranty. Chase Drywall's ground for summary judgment on all three claims was that the statute of limitations barred each claim. On appeal, the Wilsons argue that the statute of limitations had not expired because of the application of the discovery rule, fraudulent concealment, and equitable estoppel. They also argue that the statute of limitations on their breach of implied warranty claim had not expired regardless of the application of the discovery rule, fraudulent concealment, and equitable estoppel.

The application of the statute of limitations is an affirmative defense. TEX. R. CIV. P. 94; *KPMG Peat Marwick v. Harris Cnty. Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Accordingly, Chase Drywall bore the burden of establishing as a matter of law that the statute of limitations applied to the Wilsons' claims. *See KPMG*, 988 S.W.2d at 748. When, as here, the plaintiff asserts the discovery rule, the defendant bears the burden of disproving its application—or proving the applicability of the statute of limitations in spite of the discovery rule—in order to prevail on the motion for summary judgment. *See id.* (holding

5

defendant moving for summary judgment on limitations must prove when cause of action accrued and "negate the discovery rule, if it applies and has been pleaded or otherwise raised . . .").  In contrast to the burden upon invocation of the discovery rule, a plaintiff asserting fraudulent concealment bears the burden of proving its application.  *See id.* at 749–50.  That is, after the defendant establishes that the claim would be barred by the statute of limitations, the burden shifts to the plaintiff to prove fraudulent concealment.  *See id.*

## A.    Limitations Periods

It is undisputed that "[t]he statute of limitations on a claim for debt based on breach of contract is four years from the time the cause of action accrues."  *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 234 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3) (Vernon 2002).  It is likewise undisputed that a four-year statute of limitations applies to a claim for fraud.  CIV. PRAC. & REM. § 16.004(a)(4).  The parties do dispute, however, the length of the limitations period for breach of an implied warranty.

In part of their third issue, the Wilsons, relying on section 16.009 of the Texas Civil Practice and Remedies Code, argue that a ten-year statute of limitations governs their breach of implied warranty claim.  *See id.* § 16.009 (Vernon 2002).  This is incorrect.  Depending on the type, a breach of implied

warranty can be governed by a two- or four-year statute of limitations. *See, e.g.*, TEX. BUS. & COM. CODE ANN. §§ 17.50(a)(2), .565 (Vernon 2011) (including breach of implied warranty as actionable claim and setting two-year statute of limitations on claim); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998) (applying four-year statute of limitations on claim for breach of "implied contractual covenants").

Section 16.009 of the Texas Civil Practice and Remedies Code, however, "is not a statute of limitation, but rather an ultimate statute of repose that bars all claims after the prescribed 10-year period." *Tumminello v. U.S. Home Corp.*, 801 S.W.2d 186, 187 (Tex. App.—Houston [1st Dist.] 1990, writ denied). The statute expressly provides that it "does not extend or affect a period prescribed for bringing an action under any other law of this state." CIV. PRAC. & REM. § 16.009(f). Accordingly, this statute does not affect the period for the statute of limitations for breach of implied warranty as established by other law.

Chase Drywall established, and the Wilsons do not dispute, that all work Chase Drywall did on the residence was completed by early October 2007. There is no evidence in the record that any injury occurred after Chase Drywall completed its work. The Wilsons did not file suit until February 2012. Accordingly, regardless of whether the Wilsons' claim for breach of implied

warranty is governed by a two- or four-year statute of limitations, the limitations period has expired.

**B.    The Discovery Rule**

"[T]he discovery rule operates to defer accrual of a cause of action until a plaintiff discovers or, through the exercise of reasonable care and diligence, should discover the 'nature of his injury.'" *Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998).  It is a very limited exception to the statute of limitations.  *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929–30 (Tex. 2011).  It applies when the nature of the injury is (1) inherently undiscoverable and (2) objectively verifiable.  *Id.* at 930.  "An injury is inherently undiscoverable if by its nature, it is 'unlikely to be discovered within the prescribed limitations period despite due diligence.'"  *Id.* (quoting  *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996)).

The summary judgment evidence in this case establishes that Stuart discovered problems with the drywall when he "made a periodic walkthrough" of the residence in the late afternoon.  Wilson explained that the lighting conditions at that time of day allowed him to see for the first time problems with the installation of the sheetrock.  In other words, Stuart was able to discover alleged defects in the installation of the sheetrock by walking through the residence with the proper lighting.

This does not establish that the alleged defects were inherently undiscoverable. To the contrary, it establishes that the defects were noticeable upon a basic inspection with proper lighting. Similarly, the inspector's report identified problems with the drywall such as sheetrock corners around "the majority of the windows throughout the house" that were improperly cut so that they looked ragged and were in different angles, "popped out nails," "high and low spots that are very visible," and an entire wall that could not be repaired and needed to be replaced. All of this indicates visible and obvious problems with the drywall, not an "inherently undiscoverable" injury.

The Wilsons argue that they "learned for the first time that the work performed by [Chase Drywall] did not meet industry standards for workmanship, that the [drywall] was not properly installed and that major repairs are needed" after February 18, 2008, when the inspector's report was prepared. Even when it applies, "the discovery rule does not linger until a claimant learns of actual causes and possible cures." *PPG Indus., Inc. v. JMB/Hous. Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004). Instead, it applies "until a plaintiff discovers or, through the exercise of reasonable care and diligence, *should discover*" the injury. *Childs*, 974 S.W.2d at 40 (emphasis added). Not knowing the cause of, the full extent of, or the chances of avoiding the injury does not toll limitations once the plaintiff learns of a wrongful injury. *PPG Indus.*, 146 S.W.3d at 93.

9

The evidence establishes that the Wilsons could have learned of their injury at any time after early October 2007 at the latest. Not knowing the full extent of their injury until after October 2007 does not toll the statute of limitations. *See id.*

## C. Equitable Estoppel / Fraudulent Concealment

The doctrine of equitable estoppel applies as a toll to a statute of limitations, "when the tortfeasor fraudulently conceals the existence of a cause of action from the plaintiff." *Marshall v. First Baptist Church of Hous.*, 949 S.W.2d 504, 507 (Tex. App.—Houston [14th Dist.] 1997, no writ). The party asserting tolling must establish "(1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." *Doe v. Roman Catholic Archdiocese of Galveston-Hous.*, 362 S.W.3d 803, 810 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 515–16 (Tex. 1998)).

The Wilsons' basis for claiming equitable estoppel is their claim that Chase Drywall made representations at the time the contract was formed concerning the scope and quality of the work that would be done. At best, however, this is proof of a fraud in the inducement claim, not proof that Chase Drywall tried to "conceal[] the existence of a cause of action from the" Wilsons. *Marshall*, 949

10

S.W.2d at 507. Indeed, before the contract had been formed, there was no cause of action to conceal. *See Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001) ("Without a binding agreement, there is no detrimental reliance, and thus no fraudulent inducement claim.").

We overrule the Wilsons' three issues.

## Conclusion

We affirm the judgment of the trial court.



Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Bland.

11